```
              UNITED STATES DISTRICT COURT
                  DISTRICT OF MINNESOTA
               CIVIL NO.: 20-1909(DSD/DTS)
```

United HealthCare Services, Inc.

       Plaintiff,

v.                                          **ORDER**

Merck & Co., Inc., et al.,

       Defendants/
       Third-Party Plaintiffs,

v.

Cardinal Health, Inc., et al.

       Third-Party Defendants.

     This matter is before the court upon the motion to dismiss or stay third-party complaint by third-party defendants Cardinal Health, Inc., Cardinal Health 110, LLC, and Cardinal Health 112, LLC (collectively, Cardinal). Based on a review of the file, record, and proceedings herein, and for the following reasons, the motion to dismiss is denied and the motion to stay is granted.

## BACKGROUND

     This antitrust action arises from alleged anticompetitive conduct involving the sale of defendant Merck & Co.'s lipid-lowering drugs Zetia and Vytorin. Plaintiff United HealthCare Services, Inc. (UHS) contends that defendants' alleged misconduct

caused overcharges for Zetia and Vytorin, a combination pill comprised of Zetia and simvastatin (generic Zocor). Am. Compl. ¶¶ 1, 10. UHS seeks recovery for all overcharges it incurred in connection with paying for branded and generic Zetia and Vytorin products prescribed and dispensed to its insureds.[1] Id. ¶ 10.

**I.   The Parties**

UHS "services prescription drug managed care programs provided to members and beneficiaries under insurance plans offered by UHS's subsidiaries and affiliates." Id. ¶ 6. As such, UHS is the "centralized and primary contracting entity responsible for payments made for prescription drugs dispensed to UnitedHealthcare Insureds throughout the country," including Zetia and Vytorin. Id.

Defendant and third-party plaintiff Merck, and its related entities, manufacture Zetia and Vytorin and hold the underlying patents. Id. ¶¶ 2, 83-99.

Third-party defendant Cardinal is a direct purchaser of Zetia and Vytorin. Third-Party Compl. ¶ 52. Cardinal assigned its direct purchaser claims against Merck to UHS. Id. ¶ 30. UHS asserts those assigned claims against Merck in this case. Id.

---

[1] "UHS" includes UHS's subsidiaries and affiliates. See id. ¶¶ 7-9.

2

¶ 31.

**II. Zetia Settlement**

In 2006, defendant Glenmark Pharmaceuticals Inc., USA, a generic drug manufacturer, sought FDA approval to market a generic version of Zetia. Id. ¶ 119. Glenmark notified Merck of its FDA filing and claimed that Merck's Zetia-related patents were invalid, unenforceable, and not infringed by Glenmark's generic product. Id. ¶ 122. Soon thereafter, Merck filed suit against Glenmark alleging patent infringement and Glenmary countersued. Id. ¶¶ 123, 127.

Four years later, and on the eve of trial, the parties settled their dispute (Zetia Settlement Agreement). Id. ¶ 156; Asp Decl. Ex. A. According to UHS, the Zetia Settlement Agreement illegally profited both Merck and Glenmark enormously at the expense of UHS and its insureds. Am. Compl. ¶¶ 186-92.

Cardinal, as a direct purchase of Zetia and Vytorin, is a party to the Zetia Settlement Agreement. Asp Decl. Ex. A, at 2. In the agreement, Cardinal agreed to indemnify Merck in the following circumstances: "[Cardinal] shall defend and indemnify [Merck] with respect to any liability, damages, costs and fees arising out of [a claim against Merck assigned by Cardinal]." Id. ¶ 8.

3

The Zetia Settlement Agreement specifically states that "any disputes aris[ing] out of the proper interpretation of this Agreement ... are to be mediated on an expedited basis and decided in the first instance by Judge Layn R. Phillips."[2] Asp Decl. Ex. A ¶ 16. The parties consented to the jurisdiction of the United States District Court for the Eastern District of Virginia "with respect to any suit, action, proceeding seeking to enforce the terms of this Agreement, including any appeal from a decision by Judge Phillips." Id. ¶ 17.

### III. MAD Agreement

In 2012, Cardinal became a direct purchaser of Zetia and Vytorin pursuant to the Merck Authorized Distributorship Agreement (MAD Agreement). Third-Party Compl. ¶ 52. Under the MAD Agreement, Merck authorized Cardinal to purchase Zetia and Vytorin directly from Merck for resale/distribution to others. Id. ¶¶ 53, 56. Cardinal agreed to indemnify Merck under certain conditions for liabilities relating to its resale of Zetia and Vytorin (indirect purchaser claims). Id. ¶ 60; Asp Decl. Ex. B, ECF No. 97-1, at 8. The parties agreed to arbitrate, pursuant to the Federal Arbitration Act,

---

[2] Judge Phillips mediated and helped resolve the direct purchaser claims in the Zetia case. He is a former United States District Judge.

> any controversy, claim or dispute ... that may arise out of or be related to the performance, construction, interpretation of this Agreement (including disputes as to the scope, applicability and meaning of this arbitration clause) shall be submitted to mandatory, binding, confidential arbitration.

Asp Decl. Ex B, at 7. Any such arbitration is to take place in Philadelphia, Pennsylvania under the rules of the American Arbitration Association. Id.

**IV. This Action**

In September 2020, UHS commenced this action against defendants alleging that Zetia Settlement Agreement violated the Sherman Act, 15 U.S.C. § 1; the Clayton Act, 15 U.S.C. § 2; Minnesota Antitrust Law, Minn. Stat. §§ 325D.49, 325D.52; and various other states' antitrust and consumer protection laws (pleaded in the alternative). See Am. Compl. ¶¶ 250-93. UHS also brought a claim for unjust enrichment. Id. ¶¶ 294-313. Soon thereafter, the case was transferred to the Eastern District of Virginia to join ongoing multidistrict litigation, titled In re: Zetia (Ezetimebe) Antitrust Litigation, MDL No. 2836, for consolidated pretrial proceedings. ECF No. 6.

On December 23, 2023, the MDL panel remanded the case to this court after concluding pretrial proceedings and without formally ruling on the whether the Vytorin claims could proceed. ECF No. 8. UHS refiled its amended complaint in this case on May 17, 2024,

5

which the court accepted as the operative complaint. Greenblatt Decl. ¶ 4; ECF No. 57.

On March 24, 2025, Merck filed a third-party complaint alleging that Cardinal is required to indemnify Merck (1) under the Zetia Settlement Agreement for any liability relating to UHS's federal antitrust claims; and (2) under the MAD Agreement for any liability relating to UHS's indirect purchaser state law claims. ECF No. 77. Cardinal denies that it is obligated to indemnify Merck under either agreement.

Cardinal now moves to dismiss the third-party complaint or, alternatively, to stay the claims pending proceedings before the designated tribunals, as set forth in the MAD Agreement and the Zetia Settlement Agreement.

## DISCUSSION[3]

### I. MAD Agreement

In deciding whether to compel arbitration under the Federal Arbitration Act, which is invoked in the MAD Agreement, the court considers: "(1) whether there is a valid arbitration agreement and (2) whether the particular dispute falls within that agreement."

---

[3] Heeding Smith v. Spizzirri, 601 U.S. 472, 478 (2024), the court declines to consider whether dismissal, rather than a stay, is appropriate here.

6

Faber v. Menard, Inc., 367 F.3d 1048, 1052 (8th Cir. 2004). Because there is no question as to the validity of the arbitration provision, the court turns directly to whether the indemnification issue falls within its scope. The court finds that it does.

The MAD Agreement's arbitration provision is broadly worded to include "any" disputes arising out of the agreement and specifically states that questions of "interpretation" of the agreement, including its "scope, applicability and meaning," are subject to "mandatory [and] binding" arbitration. Asp Decl. Ex B, at 7. The question of whether Cardinal must indemnify Merck under the MAD agreement for indirect purchaser claims plainly falls within this expansive agreement to arbitration.

Further, under Eighth Circuit Court of Appeals precedent, an agreement to arbitrate that mandates arbitration consistent with the American Arbitration Association's (AAA) rules, as here, "constitutes a clear and unmistakable expression of the parties' intent to leave the question of arbitrability to an arbitrator." Fallo v. High-Tech Inst., 559 F.3d 874, 878 (8th Cir. 2009); see also N. Am. Composites Co. v. Reich, No. 15-3537, 2016 WL 471353, at *1-2 (D. Minn. Feb. 5, 2016) ("[W]here, as here, the parties explicitly incorporate the AAA rules of arbitration, the parties have delegated the question of arbitrability to the arbitrator.");

7

Barkl v. Career Educ. Corp., No. 10-3565, 2010 WL 4979231, at *2 (D. Minn. Dec. 2, 2010) ("Where an agreement to arbitrate mandates arbitration in accordance with the [AAA] Rules, the parties to the agreement have clearly and unmistakably agreed to assign the question of arbitrability to the arbitrator in the first instance."). Therefore, any question as to the arbitrability of the indemnification issue is properly before the arbitrator rather than the court.

The court is unpersuaded by Merck's argument that the MAD Agreement's arbitration provision is wholly unenforceable given a previous ruling by the MDL court. During MDL proceedings, the court determined that the provision did not compel arbitration with respect to the merits of the parties' federal antitrust dispute. See In re: Zetia (Ezetimibe) Antitrust Litig., MDL No. 2:18md2836, ECF Nos. 129, 212 (filed Sept. 6, 2018, and Dec. 6, 2018). Here, Cardinal seeks to arbitrate the question of indemnification with respect to the indirect purchaser state law claims and not the federal antitrust claims. See Third-Party Compl. ¶¶ 72-79, 86. The issues are separate and distinct. Indeed, indemnification is a contractual matter not borne of antitrust law. As a result, the court finds that counts two and four of the third-party complaint are subject to arbitration as

8

set forth in the MAD Agreement notwithstanding the MDL court's ruling.

**III. Zetia Settlement Agreement**

Cardinal also argues that the question of indemnification in the context of the federal antitrust claims must be determined by Judge Phillips as set forth in the Zetia Settlement Agreement. The court agrees.

Cardinal disputes whether it must indemnify Merck for any liability that may arise from federal antitrust law. In other words, Cardinal seeks a ruling as to the meaning of the contractual indemnification provision. It does not seek a ruling as to the merits of the antitrust claims raised by UHS against Merck.

As above, the provision agreeing to the jurisdiction of Judge Phillips and the Eastern District of Virginia is broad enough to cover the parties' dispute over the interpretation of the indemnification provision. It applies to "any" disputes aris[ing] out of the proper interpretation of [the Zetia Settlement Agreement]." Asp Decl. Ex. A ¶ 16. The agreement further specifies that issues of interpretation are to be "mediated on an expedited bases and decided in the first instance" by Judge Phillips. Id. ¶ 17.

Merck argues that Cardinal is estopped from invoking that

9

provision because it has not pursued mediation, as required. Whether mediation is a necessary precursor to resolution by Judge Phillips is yet another question of interpretation. As such, Judge Phillips should be the person to determine this issue as well. Nevertheless, given that Judge Phillips was the mediator in the Zetia case, it stands to reason that the agreement does not require the parties to mediate with a third party before turning to Judge Phillips for resolution.

As a result, based on the broad language in the Zetia settlement agreement, the court concludes that the question of indemnification raised in counts one and three must be determined by Judge Phillips.

**CONCLUSION**

Accordingly, based on above, **IT IS HEREBY ORDERED** that the motion to dismiss or stay [ECF No. 92] is granted in part and denied in part as follows:

1. The motion to dismiss is denied;

2. The motion to stay is granted; and

3. Litigation in this court with respect to the third-party complaint is stayed pending determinations from both (1) Judge Phillips, including any subsequent appeal, on counts one and three

the third-party complaint, and (2) the arbitration as to counts two and four of the third-party complaint.

Dated: December 1, 2025        s/David S. Doty
                               David S. Doty, Judge
                               United States District Court