```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF MINNESOTA
               CIVIL NO.: 20-1909(DSD/DTS)
```

United HealthCare Services, Inc.

    Plaintiff,

v.  **ORDER**

Merck & Co., Inc., et al.,

    Defendants/
    Third-Party Plaintiffs,

v.

Cardinal Health, Inc., et al.

    Third-Party Defendants.

This matter is before the court upon the motion for partial judgment on the pleadings by plaintiff United Health Care Services (UHS). Based on a review of the file, record, and proceedings herein, and for the following reasons, the motion is denied.

## BACKGROUND[1]

This antitrust action arises from alleged anticompetitive conduct involving the sale of defendant Merck & Co.'s lipid-lowering drugs Zetia and Vytorin. UHS contends that defendants'

---

[1] The court will only recite facts relevant to the narrow issues presented. It incorporates by reference earlier orders that more fully discuss the parties' relationships and the underlying facts.

alleged misconduct caused overcharges for Zetia and Vytorin, a combination pill comprised of Zetia and simvastatin (generic Zocor). Am. Compl. ¶¶ 1, 10. UHS seeks recovery for all overcharges it incurred in connection with paying for branded and generic Zetia and Vytorin products prescribed and dispensed to its insureds. Id. ¶ 10.

In 2022, UHS filed an amended complaint that includes claims assigned to UHS by third-party defendant Cardinal Health, Inc. Merck answered the amended complaint and raised dozens of affirmative defenses. ECF No. 74. Among those defenses, Merck contends that the claims assigned to UHS by Cardinal Health are void or otherwise prohibited. See ECF No. 74, at 64-66. UHS now moves to essentially strike those affirmative defenses through a motion for judgment on the pleadings. UHS does not seek a judgment on any claim.

**DISCUSSION**

**I.    Standard of Review**

The same standard of review applies to motions under Federal Rules of Civil Procedure 12(c) and 12(b)(6). Ashley Cnty., Ark. v. Pfizer, Inc., 552 F.3d 659, 665 (8th Cir. 2009). Thus, to survive a motion for judgment on the pleadings, "a complaint must contain sufficient factual matter, accepted as true, to state a

claim to relief that is plausible on its face." Braden v. Wal-Mart Stores, Inc., 588 F.3d 585, 594 (8th Cir. 2009) (citation and internal quotation marks omitted). "A claim has facial plausibility when the plaintiff [has pleaded] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Although a complaint need not contain detailed factual allegations, it must raise a right to relief above the speculative level. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[L]abels and conclusions or a formulaic recitation of the elements of a cause of action" are not sufficient to state a claim. Iqbal, 556 U.S. at 678 (citation and internal quotation marks omitted).

## II. Applicability of Rule 12(c)

As a threshold matter, the court agrees with Merck's argument that a Rule 12(c) motion is not the proper vehicle for striking affirmative defenses in this context.[2] As well stated by Chief

---

[2] The proper vehicle is Federal Rule of Civil Procedure 12(f), which specifically governs "insufficient defense[s]." There is no dispute that the time to bring such a motion elapsed months ago. The court is mindful that it "should not permit litigants to couch an untimely motion to strike under Rule 12(f) as a motion for partial judgment on the pleadings under Rule 12(c)." 5C Fed. Prac. & Proc. Civ. § 1369 (3d ed.) § 1369 Judgment on the Pleadings — Compared With Other Motions.

Judge Patrick J. Schiltz, applying the Iqbal/Twombly standard to affirmative defenses would "radically change civil practice in the federal courts":

> Affirmative defenses are almost always simply listed in answers; only rarely do defendants plead much in the way of facts in support of affirmative defenses.... In a typical case, it quickly becomes apparent that most of the affirmative defenses are not viable, and the parties simply ignore them. No judicial intervention is necessary. Applying Iqbal and Twombly to affirmative defenses would force defendants to plead fewer affirmative defenses and then, after taking discovery, to move the Court for permission to amend their answers to add affirmative defenses. Plaintiffs would often resist those motions on the grounds that the proposed affirmative defenses would be futile. Thus, another round of motion practice would be added to many cases, increasing the burdens on the federal courts, and adding expense and delay for the parties.

Wells Fargo & Co. v. U.S., 750 F. Supp. 2d 1049, 1051-52 (D. Minn. 2010); Lasser v. Am. Gen. Life Ins. Co., No. 14cv3326, 2015 WL 12778004, at *2 (D. Minn. Apr. 3, 2015) ("An affirmative defense is neither a claim for affirmative relief nor governed by Rule 8(a)'s pleading standard. Affirmative defenses preserve defenses to be explored throughout discovery and, eventually, tested on their merits come summary judgment and/or trial."); So. Glazer's Wine and Spirits, LLC v. Harrington, 594 F. Supp. 3d 1108, 1118 (D. Minn. 2022) ("When a defendant raises an affirmative defense in his answer it will usually bar judgment on the pleadings.").

Simply put, a motion for judgment on the pleadings is not the "correct vehicle" for a plaintiff to only challenge the sufficiency of affirmative defenses. Lasser, 2015 WL 12778004, at 3. That said, affirmative defenses may be tested in a Rule 12(c) motion where a party seeks judgment on a claim and the asserted affirmative defenses do not raise any issues of fact that would preclude the entry of judgment. Valley Forge Ins. Co. v. Aquawood, LLC, No. 24cv3769, at *1 n.1 (D. Minn. Aug. 18, 2025); Glazer's, 594 F. Supp. 3d 1108, 1119 (D. Minn. 2022). That is not the case here.

UHS has not moved for judgment on any of its claims. It only seeks to eliminate certain of Merck's affirmative defenses. Under these circumstances, the court must deny the motion. See 5C Fed. Prac. & Proc. Civ. § 1369 (3d ed.) § 1369 Judgment on the Pleadings — Compared With Other Motions ("If a plaintiff seeks to dispute the legal sufficiency of fewer than all of the defenses raised in the defendant's pleading, he should proceed under Rule 12(f) rather than under Rule 12(c) because the latter leads to the entry of a judgment."); Waldron v. Boeing Co., 388 F.3d 591, 593 (8th Cir. 2004) ("A motion for judgment on the pleadings will be granted "only where the moving party has clearly established that no material issue of fact remains and the moving party is entitled to

5

<u>judgment as a matter of law</u>.") (emphasis added).

## CONCLUSION

Accordingly, based on the above, **IT IS HEREBY ORDERED** that the motion for judgment on the pleadings [ECF No. 138] is denied.

Dated: December 9, 2025          <u>s/David S. Doty</u>
                                 David S. Doty, Judge
                                 United States District Court